UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12-3405

---------------------------------------------------------------x

MAURICE IULIANO,

                                  WEINSTEIN, J. Plaintiff,

                            -against-

NEW YORK CITY DEPARTMENT OF TRANSPORTATION, POLLAK, M.J

                                           Defendant.

---------------------------------------------------------------x

**NOTICE OF REMOVAL**

Case No. 12 Civ. ____

**TO:  THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK**

       Defendant the New York City Department of Transportation ("DOT"), by and through its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby files this Notice of Removal for the removal of this case from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441(b) and 1443. In support thereof, defendant respectfully states as follows:

       1.     On March 15, 2012, an action was commenced in the Supreme Court of the State of New York, County of Queens, under Index No. 5630/2012, naming the above captioned defendant as a party in this action.

       2.     The DOT was served with the Summons and Complaint in the above-captioned action on June 18, 2012. A copy of the Summons and Compliant is annexed hereto as Exhibit "A."

       3.     The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), in that it alleges claims which arise under the Constitution and laws of the United States.

4. Specifically, the Complaint alleges <u>inter alia</u>, that defendants violated plaintiff's federal civil rights under 42 U.S.C. § 1983. <u>See</u> Complaint, Ex. "A," ¶¶ "4," "19," through "24," and "28."

5. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

6. This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading placing the DOT on notice of the plaintiff's federal claims. <u>See</u> 28 U.S.C. § 1446(b).

7. Defendant is unaware of any previous application for the relief requested herein.

8. Defendant will promptly serve a copy of this Notice of Removal on counsel for plaintiff, and will file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending, pursuant to 28 U.S.C. §1446(d).

9. Defendant reserves all claims and defenses, including, without limitation, those set forth in Federal Rules of Civil Procedure, Rule 12(b).

**WHEREFORE**, defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

Dated:   New York, New York
         July 10, 2012

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-183
New York, New York 10007-2601
(212) 788-0759
jschowen@law.nyc.gov

By:   _____
      John S. Schowengerdt
      Assistant Corporation Counsel

TO:   The Law Office of Steven A. Morelli, P.C.
      Attorneys for Plaintiff
      1461 Franklin Avenue
      Garden City, NY 11530
      Attn: Steven A. Morelli

# EXHIBIT A

2012-025504

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SG30/12

-------------------------------------------------x

MAURICE IULIANO,

                Plaintiff,

-against-

**SUMMONS**
Plaintiff designates
**QUEENS COUNTY**
as the place of trial

NEW YORK CITY DEPARTMENT OF
TRANSPORTATION

                Defendant.

The basis for the venue
is **PLAINTIFF'S
RESIDENCE AND
THE CONDUCT
COMPLAINED OF**

-------------------------------------------------x

To the above named defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
         March 13, 2012

The Law Office of Steven A. Morelli, P.C.
*Attorneys for Plaintiff*
1461 Franklin Avenue
Garden City, NY 11530
(516) 393-9151

STEVEN A. MORELLI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
MAURICE IULIANO,

                Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF
TRANSPORTATION,

                Defendant.
----------------------------------------------------------------X

**COMPLAINT**

Index No.:

Plaintiff MAURICE IULIANO, by and through his attorneys, The Law Office of Steven A. Morelli, P.C., alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. In 1995, Plaintiff Maurice Iuliano began working for Defendant New York City Department of Transportation ("DOT") as a City Laborer. In 1998, he was promoted to Gasoline Engineer Roller. As an Engineer, Plaintiff was required to maintain a Commercial Driver's License. In 2008, he was awarded "permanent" status. Over the course of his employment, Mr. Iuliano proved himself as a hard-working, dependable, and professional employee. Indeed, in November 2009, Plaintiff received an "Outstanding" performance evaluation.

2. On December 12, 2009, Plaintiff was arrested and charged with driving while intoxicated, and his license was revoked. Mr. Iuliano immediately informed the DOT of the revocation, and met with DOT Investigators several times to discuss

1

his situation. Pursuant to DOT's official policies and procedures, if a permanent employee with two or more years of service has his or her license suspended, he or she will be offered an opportunity to accept a voluntary six month suspension of employment. If the employee has his or her license re-issued within that six month period, he or she will be eligible for re-instatement.

3. On January 4, 2010, Plaintiff returned to work, after the revocation of his license was temporarily stayed. That day, Plaintiff sustained a serious injury while operating one of the heavy machines. As a result, he suffered from a moderate disability, as was verified by an orthopedist. Mr. Iuliano remained at home over the next five weeks in order to recover from the injuries suffered. On February 10, 2010, Plaintiff received a letter informing him that he had "forfeited" his position as Engineer because he did not have a license and because he did not accept the voluntary six month DOT suspension. Significantly, however, Defendant *never offered* the six month suspension to Mr. Iuliano, as was required by its own rules and regulations. Defendant, however, regularly offered the aforementioned voluntary suspension to all of Plaintiff's similarly situated, non-disabled employees who lost their licenses.

4. In March 2010, Plaintiff's license was re-instated. Defendant, however, has refused to re-instate Plaintiff, and maintains the position that he forfeited his employment by not accepting the voluntary suspension, which was categorically, and undeniably never offered by the DOT. As more fully set forth below, in

treating Plaintiff differently than his similarly situated, non-disabled co-workers, and terminating Plaintiff on the basis of his disability, Defendant DOT violated New York State Executive Law §§ 290 et seq., Title 8 of the New York City Administrative Code, and the Equal Protection Clause of the 14th Amendment, pursuant to 42 U.S.C. § 1983.

### JURSIDICTION AND VENUE

5. Jurisdiction is proper pursuant to CPLR § 301. Venue is proper pursuant to CPLR § 503.

### PARTIES

6. Plaintiff MAURICE IULIANO is a resident and domiciliary of Queens, NY. At all times relevant to this complaint, Mr. Iuliano was an "employee" of Defendant New York City Department of Transportation, as that term is defined by New York State Human Rights Law, and New York City Human Rights Law.

7. Defendant NEW YORK CITY DEPARTMENT OF TRANSPORTATION ("DOT") is an agency of the City of New York with its central office located at 15 Water Street, New York, NY 10041. At all times relevant to this complaint, the DOT was Plaintiff's "employer" as that term is defined by New York State Human Rights Law, and New York City Human Rights Law.

3

## FACTUAL ALLEGATIONS

### *Background*

8. On or about July 10, 1995, Plaintiff Maurice Iuliano began working for the DOT as a City Laborer. In or around 1998, in recognition of his excellent service, Plaintiff was promoted to the position of Gasoline Roller Engineer.

9. Gasoline Roller Engineers are responsible for helping to maintain the roads and highways in New York City. As an Engineer, Plaintiff was responsible for driving and servicing three types of machinery: the paving machine, the milling machine, and the asphalt roller.

10. Over the course of his employment for the DOT, Plaintiff proved himself as a hard-working, dependable, and professional employee, as his annual performance evaluations consistently demonstrate.

11. On or about December 15, 2008, Mr. Iuliano was informed that he was being made a permanent employee with the DOT.

### *Plaintiff's Arrest*

12. On Saturday, December 12, 2009, Mr. Iuliano was pulled over by the police, and he was issued an automotive ticket that alleged that he violated the New York State Vehicle and Traffic Law ("VTL").

4

13. On Monday, December 14, 2009, pursuant DOT policies and procedures, Mr. Iuliano called the Office of the Advocate General to inform them that he had been arrested and that his license had been suspended pending his arraignment and sentencing. Plaintiff called the Advocate General pursuant to DOT's policies and procedures.

14. On December 23, 2009, Mr. Iuliano's Class B Commercial Driver's License ("license") was suspended, pending prosecution. On that day, Plaintiff received a letter from Senior DOT Investigator Marcia Sampson, informing him that as a result of his suspended license, he was removed from his position as a Gas Roller Engineer.

15. On December 28, 2009, Mr. Iuliano entered a guilty plea under VTL § 1192.2, for operating a motor vehicle with a .08 blood alcohol level. As a result of his plea, Mr. Iuliano was never convicted of any violation of the VTL. Plaintiff paid a $500 fine.

16. According to DOT's policies and procedures, if a permanent employee with two or more years of service has his or her license suspended, he or she will be *offered* an opportunity to accept a voluntary six month suspension of employment in order to have the license reissued. If the employee has his or her license re-issued within six months, he or she will be eligible for re-instatement.

5

17. According to the DOT rules, such a suspension is "not a disciplinary suspension, nor will it imply disciplinary action." Such an option is available because, as the DOT rules state, it is in the DOT's "best interests to retain the services of employees who have been trained and whose service has otherwise been satisfactory to the agency."

18. While the revocation of Plaintiff's license was stayed for 30 days, Mr. Iuliano returned to work.

### *Plaintiff's Injury/Disability*

19. On or about January 4, 2010, Mr. Iuliano sustained an on the job injury while operating some of the heavy machinery he was tasked with using. Mr. Iuliano slipped off the machine and pulled his left shoulder and struck the left side of his hip and low back against the machine. He suffered substantial, ongoing pain in his left superior shoulder and lumbosacral left gluteal area, which affected his ability to work.

20. An Independent Orthopedic Evaluation corroborated that Mr. Iuliano had injuries that "appear to be causally related to the incident of work January 4, 2010," and verified that Mr. Iuliano suffered from a "moderate, temporary orthopedic disability."

21. Plaintiff's disability severely impaired his ability to perform major life activities, such as prolonged bending, reaching, and lifting.

22. As a result of the disability Plaintiff, Mr. Iuliano remained at home during January and early February 2010, in order to recover from his injuries.

23. On February 11, 2010, while at home recuperating, Plaintiff received a letter from Director of DOT Personnel Jean Frankowski. The letter informed Mr. Iuliano forfeited his position as Engineer, and that he was effectively terminated from employment. The reasons provided by the DOT was that Plaintiff did not possess a valid license, and did not accept the six month voluntary suspension. However, as already stated, the DOT *never offered* Plaintiff the voluntary six month suspension in order to obtain the re-issued license. Had Defendant offered Plaintiff such an option, he would have accepted.

24. Upon information and belief, the DOT failed to offer Plaintiff the six month voluntary suspension option because he suffered from a disability. Several of Plaintiff's similarly situated, non-disabled DOT employees who had their licenses suspended or revoked were offered the voluntary six month suspension, as is required by the DOT policies and procedures. Plaintiff however, was not afforded such an option.

25. In March 2010, after taking a course, Plaintiff received a notice of completion of a drunk-driving program. On or about March 22, 2010, his license was re-instated. However, because Defendant maintains that Plaintiff forfeited his position (by not "accepting" the voluntary six month suspension that was never offered by the DOT), Defendant has upheld its initial decision to terminate Plaintiff.

## CLAIMS FOR RELIEF

26. Based on the foregoing, Defendant singled Mr. Plaintiff out, treated him differently than similarly situated DOT employees, and terminated him on the basis of his disability, in violation of New York State Executive Law §§ 290 et seq.

27. Based on the foregoing, Defendant singled Mr. Plaintiff out, treated him differently than similarly situated DOT employees, and terminated him on the basis of his disability, in violation of Title 8 of the N.Y.C. Administrative Code.

28. Based on the foregoing, Defendant singled Mr. Plaintiff out, treated him differently than similarly situated DOT employees, and terminated him on the basis of his disability, in violation of the Equal Protection Clause to the 14th Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983. Defendant is liable for its employees' deprivation of Plaintiff's rights because such acts were taken in accordance with the Defendant's custom or practice of discriminating and/or selectively treating individuals; these practices were so

persistent and widespread that they constitute the constructive acquiescence of policymakers; and, the individual policymakers directly participated in and/or tacitly condoned the discrimination/retaliation to which Plaintiff was subjected.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for all compensatory, emotional, psychological and punitive damages, lost compensation, liquidated damages, pre- and post-judgment interest, and any other damages permitted by law pursuant to the above referenced cause of action. It is respectfully requested that the Court grant the Plaintiff any other relief to which she is entitled, including but not limited to:

1. Awarding reasonable attorneys fees and costs and disbursements of this action;

2. Granting such other and further relief that to the Court seems just and proper.

Dated: Garden City New York
March 12, 2012

THE LAW OFFICE OF
STEVEN A. MORELLI, P.C.
*Attorneys for Plaintiff*
1461 Franklin Avenue
Garden City, New York 11530
(516) 393-9151

_____
STEVEN A. MORELLI

9